

**TAMIKA N. HARDY**
PARTNER
(516) 357-3316
tamika.hardy@rivkin.com

November 6, 2025

<u>VIA ECF</u>

Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/07/2025
```

**MEMORANDUM ENDORSED**

Re:   <u>Forbes v. 1933 Deli Grocery, et al.
      Case No.  25-cv-57119 (GHW)</u>

Dear Judge Woods:

      We represent Defendant HSC Management in the above-referenced action. We are writing, pursuant to Your Honor's Individual Rule 2.B, to request an extension of time to move, answer, or otherwise respond to Plaintiff Genise Forbes's Complaint for 21 days and for an adjournment of the initial conference currently scheduled on November 13, 2025 for 30 days. As a threshold matter, I am the attorney handling this file and have a scheduling conflict because I am engaged in a court-ordered deposition on November 13, 2025 in another case, *Posada v. East Coast Capital Corp.*, Case No. 23-cv-01579 (RER)(JMW). A copy of the docket entry ordering the deposition is attached here as **Exhibit "A".**

      On or around October 31, 2025, HSC Management received a copy of the Complaint from the NYS Department of State regarding this matter. A copy of the Complaint received by HSC Management is attached hereto as **Exhibit "B."** On the same day, I reached out to Plaintiff's counsel via email and phone to advise him of our retention and to seek an extension of time to respond to the Complaint and to adjourn the upcoming conference. Plaintiff's counsel called me back and advised me that he would not consent to any adjournments because he already made a motion for a default judgment, which is untrue, and stated, "if I was smart, then I would just settle it." Plaintiff's counsel also sent an email denying our request for an extension of time and for an adjournment. A copy of the email is attached hereto as **Exhibit "C."** While HSC Management may be open to a settlement at some point, we would nonetheless like the opportunity to look into the matter first and advise our client as to the claims against it.

66 South Pearl Street    25 Main Street, Court Plaza North    1301 Riverplace Boulevard    477 Madison Avenue    2649 South Road, Suite 100
Albany, NY 12207-2805    Suite 501                              Jacksonville, FL 32207-9047   New York, NY 10022-5818  Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199   Hackensack, NJ 07601-7082       T 904.792.8925 F 904.467.3461  T 212.455.9555 F 212.687.9044  T 845.473.8100 F 845.473.8777
                                T 201.287.2460 F 201.489.0495


November 6, 2025
Page 2

      Upon information and belief, the Complaint was served on the Secretary of State on or around October 14, 2025. Therefore, HSC Management's answer would have been due on or around November 3, 2025 (the next business day). We note that Plaintiff claims to have previously served the Complaint, but we do not have any evidence of service of the complaint prior to service upon the NYS Secretary of State. Accordingly, we respectfully request a brief extension of time to answer for 21 days to ***November 24, 2025*** to look into the claims asserted in the Complaint and to respond accordingly. Additionally, we are seeking to adjourn the initial conference to ***any day during the week of December 8th.***

      This is HSC Management's first request for an extension and/or adjournment. While Plaintiff's counsel does not consent to the adjournment or extension request, the brief extension and the adjournment will not prejudice Plaintiff.

      We thank the Court for its time and consideration.

      Respectfully submitted,

      RIVKIN RADLER LLP

      Tamika N. Hardy

4899-1220-5175, v. 1

---

Application granted. The deadline for HSC Management to answer or otherwise respond to the complaint is extended to November 24, 2025. The initial pretrial conference scheduled for November 13, 2025, Dkt. No. 9, is adjourned to December 9, 2025 at 2:00 p.m. The joint status letter and proposed case management plan described in the Court's July 14, 2025 order are due no later than December 2, 2025. Plaintiff is directed to serve this order on 1933 Deli Grocery, and to retain proof of service. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 11.

SO ORDERED.

Dated: November 7, 2025  
New York, New York

      _____  
      GREGORY H. WOODS  
      United States District Judge